Jesse Lester BRYAN, Appellant,

v.

BOARD OF TRUSTEES OF the HOUSTON FIREMEN'S RELIEF AND RETIREMENT FUND, Appellee.

No. 784.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 13, 1973.

Rehearing Denied July 11, 1973.

James B. Davis, Davis & Patchen, Houston, for appellant.

Wm. A. Olson, F. William Colburn, Alan F. Levin, Houston, John L. Hill, Malcolm L. Quick, Austin, for appellee.

CURTISS BROWN, Justice.

This suit was instituted seeking to set aside a decision of the Board of Firemen's Relief and Retirement Fund Trustees of Houston, Texas (Board) denying Jesse Lester Bryan (Bryan) a disability pension. After Bryan died during the pendency of the suit, his widow and dependent children (appellants) continued the suit seeking payments due Bryan up until his death and in their own right sought benefits as prescribed by sec. 12A of art. 6243e, Tex. Rev.Civ.Stat.Ann. (1970). Both Bryan and appellants alternatively sought to require the chairman of the Board to transmit the application for disability pension and supporting documents to the Firemen's Pension Commissioner of the State of Texas so as to permit an appeal from the denial of the pension by the Board.

In a nonjury trial the trial court entered judgment denying appellants all relief.

In late 1965 Bryan, a fireman employed by the Houston Fire Department, became ill while at work. He complained of chest pains and was taken to the emergency room of a local hospital. At that time his ailment was diagnosed by his family physician, Dr. James A. Byrd, as a coronary occlusion without infarction. Bryan never returned to work thereafter. In January of 1966 he applied for a disability pension under the provisions of Tex.Rev.Civ.Stat. Ann. art. 6243e, sec. 7B and sec. 7C (1965). That application stated:

"Over a period of years contracted what diagnosis showed to be a Coronary Occlusion."

Bryan was examined by the city's physician, Dr. Stanton P. Fischer and by Dr. F. E. Garrison, Jr. Neither doctor claimed that Bryan was not disabled, but they both had doubt as to the diagnosis of coronary occlusion. Bryan's request for disability benefits was denied on March 17, 1966 and no appeal was taken from that decision.

Bryan's condition worsened after the denial of this first application. From a man

weighing from 225 to 250 pounds he gradually went down to 90 pounds at the time of his death. He was 39 years of age when he died. After the denial of his first application he continued to complain of intense pain in the chest area and inability to function due to shortness of breath after six minutes exertion. He was seen by many additional doctors including a psychiatrist. He was admitted to treatment at the State Hospital in Austin, Texas, from August of 1966 to October of 1966. After these intervening developments Bryan submitted four additional applications for a disability pension in October or November of 1966. In two of the applications he described his disability as a nervous disorder "which acted like (a) heart attack." In the other two applications his disability was again described as a coronary occlusion. Further and additional medical evidence was submitted to the Board in support of these applications. In February of 1967 all of these applications were denied.

Bryan through his counsel sought to appeal from such denial and timely notified both the Board and the Firemen's Pension Commissioner in Austin (one of the appellees in this case). The chairman of the Board refused to permit the appeal from the denial of the pension. He reached the individual conclusion that the Board had no jurisdiction over the case. The Firemen's Pension Commissioner in Austin did not allow the appeal under the mistaken belief that Bryan was attempting to appeal from the denial of the original application for pension.

During the pendency of this suit Bryan died on August 21, 1969 by reason of "cardiac arrest due to bronchiogenic carcinoma" (lung cancer). Mrs. Bryan continued this suit as community survivor and she also sought the statutory allowance to beneficiaries of deceased firemen who had been retired on allowances because of disability. Tex.Rev.Civ.Stat.Ann. art. 6243e, sec. 12A (1970). She sought the alternative relief of an order to the Board to send the necessary documents for appeal to the commissioner as required by the statutory scheme.

■ In this appeal from a ruling by an administrative body the substantial evidence rule applies. The standard of review is whether the administrative decision finds reasonable support in substantial evidence. Board of Firemen's Relief & Retirement F. Tr. v. Marks, 150 Tex. 433, 242 S.W.2d 181 (1951). Moreover, it is the evidence presented in the trial court which must be considered in making this determination. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 (1946).

■ The Board attempts to justify denying Bryan and his family their pension benefits on the ground that he was not an "active fireman" at the time he applied for pension benefits in October or November of 1966, which applications were denied by the order of the Board in February of 1967. Only "active" firemen are entitled to participate in and receive benefits from the Firemen's Relief and Retirement Fund. Tex.Rev.Civ.Stat.Ann. art. 6243e (1970).

■■ After Bryan had expended all of his sick leave and vacation time he was placed on leave without pay status for the maximum period of 180 days provided for by the Civil Service Commission rules. The City Council then extended this period for an additional 30 days by resolution. It is undisputed that Bryan was an active fireman throughout this period which ended in October of 1966. There is some conflict in the evidence as to whether another extension was granted by the City Council but the appellees have judicially admitted in their pleadings that Bryan was on leave without pay until January 31, 1967. On February 2, 1967 a unilateral "retroactive" termination was attempted by the Houston Fire Department. Bryan received his termination pay on February 20, 1967. Bryan applied for his pension by applications dated October 13, 1966 and November of 1966. We think it is clear that he was still an active fireman until January 31, 1967

when the period of leave without pay ended. It is only necessary that an applicant be an active fireman at the time his disability occurs and that he apply for benefits while still in this active status. See Firemen & Policemen's Pension Fund, Bd. of Tr. v. Cruz, 458 S.W.2d 700 (Tex.Civ. App.—San Antonio 1970, writ ref'd n. r. e.).

▮ The Board next contends that Bryan's rights were forever foreclosed by reason of the denial in March of 1966 of the application for benefits filed in January of that year. Appellees contend that Bryan was attempting to obtain a rehearing of his previous application by his applications of October and November. We disagree. While such applications again refer to "coronary occlusion", a different and new basis for the pension was stated in such applications as being a nervous disorder that "acted like (a) heart attack." As noted above Bryan had developed additional and further severe physical disability and continued to go downhill. No one denies that he required much medical attention and was seriously disabled. Bryan presented new medical evidence supporting his applications of October and November. Moreover he had been hospitalized in the State Hospital in Austin for three months. He had undergone additional medical tests which reflected that his heart was not functioning normally. In view of the change in circumstances, we hold that the October and November applications were separate and apart from the January 1966 application. Bryan was entitled to appeal the denial of the new applications notwithstanding the finality of the previous determination.

▮ In one respect, however, the Board's denial of the first application remains binding. A disabled fireman is normally entitled to receive benefits from the date on which he ceases to carry out his regular duties without regard to any sick leave or vacation time that may be available to him. Tex.Rev.Civ.Stat.Ann. art.

6243e, sec. 9 (1970). We hold that since Bryan did not appeal from the denial of his January 1966 application he could not recover any benefits which accrued prior to the date of that determination.

▮ The Board next contends that although Bryan was incapable of performing the duties of his regular position as a Pipe and Ladder Man that he may have been in a position to do a "desk job" or "light duty." He was never offered any desk job nor light duty. In fact, he sought such work but same was not made available to him. Even had Bryan failed to request lighter duties his failure to do so would not have precluded him from complaining of the denial of his pension. Tex.Rev.Civ.Stat.Ann. art. 6243e, sec. 7C (1965) provides a pension allowance to any active fireman who "shall die or become disabled from any cause other than a disability acquired in the performance of his duty as a fireman. . . ." No all purpose definition of the term "disabled" is contained in the statute. However, the 1969 amendment of Tex.Rev.Civ.Stat.Ann. art. 6243e, sec. 7B which deals with duty related disability or any disability resulting after twenty years participation in the Retirement Fund does provide some assistance in this regard. That section refers to the retirement on pension allowance of firemen who are not capable of performing the usual and customary duties of their classification or position. Appellees contend that the failure of the Legislature to include such language in section 7C indicates that the requirement for disability benefits are more stringent when the alleged disability results from a cause other than the performance of a fireman's duties. This argument is unpersuasive since the provision for benefits to firemen who become disabled from any cause after twenty years participation in the Retirement Fund is contained in the same section as the provision for benefits for duty related disability. However, even if a fireman who is incapable of doing his regular duties must assume lighter duties with the fire depart-

ment or be terminated without pension, we believe the burden should be on the department to offer the fireman such a position. There is no evidence that Bryan was ever offered a position commensurate with his physical capabilities.

■ Our holding in regard to the above matters would entitle appellant to at least a portion of the relief requested, i. e. that appellees be ordered to properly comply with the appeal process provided by Tex.Rev.Civ.Stat.Ann. art. 6243e, sec. 18 (1970). However, subsequent to the date on which appellant filed this suit and prior to time of trial, the statutory scheme was amended to allow an appeal directly to the district court without first appealing to the Firemen's Pension Commissioner. The new statutory provision applies in cases arising in cities with a population of 1,200,000 or more. Tex.Rev.Civ.Stat.Ann. art. 6243e, sec. 18A (1971). As this new statutory provision has brought about merely a change in the procedural process for appeal and not a change in substantive law, we see no impediment to its retrospective application to this case. Brooks v. Texas Employers Insurance Association, 358 S.W.2d 412 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.); Bardwell v. Anderson, 325 S.W.2d 929 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.). Therefore, the district court was authorized to consider the case on its merits and to determine whether the Board of Trustees denial of disability benefits finds reasonable support in substantial evidence. If no such substantial evidence was presented, the court could have ordered the Board to award the disability benefits.

The trial court did consider the case on its merits and found that the Board's denial of benefits to Bryan was neither arbitrary nor capricious and was supported by substantial evidence. The court heard testimony from four physicians in regard to Bryan's alleged disability. The first of these was Dr. Stanton P. Fischer who had examined Bryan in connection with the original application for benefits. Dr. Fischer testified that when he examined Bryan in February 1966, he did not believe that Bryan had suffered a coronary occlusion; that such diagnosis was open to question; and that further evaluation of Bryan's condition was needed. He indicated that he made no definite diagnosis because he did not have adequate clinical information to do so.

The second physician to testify was Dr. Paul K. Peterson, a specialist in cardiology. Dr. Peterson agreed that no coronary occlusion had occurred. However, he did believe that Bryan's heart did not function properly. His examination of Bryan in December 1966 disclosed that the output of Bryan's heart dropped rather than increased when Bryan was subjected to six minutes of strenuous exertion. The doctor testified that this was definitely an abnormality and that Bryan was not able to perform duties requiring strenuous activity. He did feel, however, that Bryan was capable of handling a desk job or other sedentary activity. He could not pinpoint the exact cause of Bryan's health problem, but definitely ruled out the subsequently discovered lung cancer as the cause of the abnormality in December 1966.

Testimony was also given by Dr. James A. Byrd, Bryan's family physician. Dr. Byrd, while having made the original diagnosis of coronary occlusion, conceded that no such damage had ever occurred. He did believe, however, that Bryan was unable to perform strenuous activity because of the condition of his heart. He agreed that Bryan was capable of engaging in work of a sedentary nature.

The pathologist who performed the autopsy on Bryan's body in August of 1969 stated that the cause of death was bronchiogenic carcinoma (lung cancer). He could not express a clinical opinion with regard to the findings of the other doctors other than he found no pathological evidence of coronary occlusion. Dr. F. E. Garrison, Jr.'s written report offered by the appellees was hearsay and should not be included in the evidence in support of the Board's denial of benefits. However, giving full weight to the written report of Dr. Garri-

son, it in no way justifies a conclusion that Bryan was not disabled. His primary diagnosis was hyperventilation syndrome and not coronary artery disease. He thought Bryan might have had a hiatus hernia. He concluded that "since coronary artery disease is such a difficult diagnosis to establish or refute, I would suggest that a cardiologist should be consulted so that a majority opinion could be obtained." Dr. Garrison thus challenged the diagnosis but not the disability.

Mrs. Bryan testified that she had been notified on November 24, 1965 that her husband had been stricken with chest pains at the fire station. She was requested to place him in the hospital. She took him to the emergency room of the hospital on that occasion. He was in the hospital again in January of 1966. In May, June and July of 1966 he "was always having chest pains and his arm was always cold", like one with poor circulation. Her husband couldn't catch his breath and he started losing weight. He didn't eat and was "real nervous." He was 6 feet one inch and he dropped from 250 pounds down to 90 pounds at the time of his death. He entered the state hospital in Austin in August 1966 and remained there through October of that year. Beginning in the summer of 1966 he had seen Dr. Rockaway, Dr. Byrd, Dr. Peterson, Dr. Fitzgerald, Dr. Axelrad and Dr. Chapman. She testified that her husband was sick and unable to work, and he was in St. Joseph's Hospital in May of 1966. Mrs. Bryan's evidence was that her husband had gone down physically from November of 1965 up until the time of his death and was unable to work throughout this period.

▪▪▪ The conclusion is inescapable that Bryan was not physically capable of engaging in strenuous activity as a Pipe and Ladder Man at the time that he filed his application for benefits in October and November of 1966. There is no testimony or evidence to the contrary. It is undisputed that after only six minutes of activity he would not be able to continue. Appellees contend, however, that since Bryan stated in his applications that his disability resulted from a coronary occlusion which may not have taken place the Board was justified in denying his application. We do not agree. A fireman has the burden of establishing his disability but we do not believe that this burden should include his pinpointing, as a layman, the exact cause of such disability in order for him to obtain benefits under Tex.Rev.Civ.Stat.Ann. art. 6243e, sec. 7C (1965). It is difficult enough for physicians to agree on a diagnosis. In view of the autopsy findings one might suspect that cancer lurked in the background of Bryan's disability. If so, such condition resulted in symptoms of fatigue, nervousness and pain that "acted like heart attack." The fact that the exact medical diagnosis of a man's condition may later be established by autopsy or may be in dispute until his body is available for the medical examiner's knife should not serve as justification for denying his pension rights. We do not say that a fireman could allege one disabling condition in his application and then establish a dissimilar condition in court. We simply hold that if the fireman is disabled he should have his pension regardless of whether he is able to properly label his disease in his pension application. A mere difference of opinion with respect to a matter of *diagnosis* is not substantial evidence supporting denial of a pension where the disability is otherwise established.

▪▪▪ We have held that since Bryan did not appeal from the denial of his first application that he can not recover any benefits which accrued prior to that date. In appellants' brief filed with this Court benefits are claimed only from August 2, 1966, the date upon which Bryan entered the State Hospital in Austin. Thus any possible recovery of benefits would be subject to that self-imposed limitation. We have considered this evidence under the "substantial evidence" rule, bearing in mind that conflicts in the evidence should be decided in favor of upholding the ad-

ministrative order. Appellants have the burden of proving that the decision was illegal, arbitrary or not supported by substantial evidence.

In our opinion the Board's denial of pension benefits in this case was not reasonably supported by substantial evidence and the trial court erred in upholding that decision. Firemen's Relief & Retire. Fund Trustees v. Fontenot, 446 S.W. 2d 365 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.); Firemen's Relief and Retirement Fund v. Powers, 411 S.W.2d 395 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.).

The judgment of the trial court is reversed and judgment is hereby rendered ordering the Board of Firemen's Relief and Retirement Fund Trustees of Houston, Texas to pay to Joyce Bryan as community survivor the disability benefits due Jesse Lester Bryan from August 2, 1966 through August 21, 1969, and further ordering the said Board to pay to the survivors of Jesse Lester Bryan the benefits provided for in Tex.Rev.Civ.Stat.Ann. art. 6243e, sec. 12A (1965 as amended 1969).

Reversed and rendered.