Carl R. CLINE, Appellant,

v.

**FIREMEN'S RELIEF AND RETIRE-
MENT FUND TRUSTEES OF
HOUSTON, Texas, Appellee.**

No. 7889.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 30, 1976.

Rehearing Denied Jan. 20, 1977.

George C. Dixie, Houston, for appellant.

Dennis C. Gardner, Houston, for appellee.

KEITH, Justice.

This is an appeal from the judgment of the trial court which affirmed an order of the Firemen's Relief and Retirement Fund Trustees of Houston, denying Cline a disability pension under Tex.Rev.Civ.Stat.Ann. art. 6243e.2 (Supp.1976–1977).

On July 13, 1973, appellant Cline, a fireman with the City of Houston Fire Department, filed an application with the Fund Trustees for a non-service occupational disability pension.

The Trustees, relying upon a medical report submitted by the Pension Fund's doctor, denied Cline's application, and he duly perfected his appeal to the District Court of Harris County in compliance with the provisions of Sec. 17 of the cited statute. A transcript of all papers and proceedings in the case before the Board was filed in the District Court as required by said statute noted earlier.

In the bench trial, certain oral testimony as well as the documentary evidence was considered; and, at the conclusion of the hearing, the trial judge found that there was substantial evidence supporting the Board's denial of Cline's application for non-occupational disability benefits, refused Cline any relief, and he has perfected his appeal.

 The parties are in agreement that this case is one governed by the substantial evidence rule and, as stated in *Board of Firemen's Relief & Retirement F. Tr. v. Marks*, 150 Tex. 433, 242 S.W.2d 181, 183

(1951), Cline assumed the burden of satisfying the courts that the administrative decision is illegal, arbitrary, or capricious; that is, that it is not reasonably supported by substantial evidence. We note particularly that Justice Calvert said in *Marks*, supra:

"The administrative agency is *the* fact-finding body and the question to be determined by the courts is strictly one of law." (emphasis ours)

According to the undisputed record, Cline was, at the time he made application for retirement benefits, fifty-one years of age and had seventeen years, eleven months, and fourteen days of active service. He held the rank of Junior Captain in the Houston Fire Department being in direct charge of a pumper. Thus, he was the front line officer who leads the crew of his truck in the fighting of fires in the interior of houses and other enclosed places. The testimony supported a finding that one in such position was required to work in places wherein smoke and other noxious fumes were likely to be encountered.

Cline sought retirement and supported his application by a medical report from Dr. P. O. Jones, a medical specialist in chest diseases. Dr. Jones diagnosed Cline's condition as chronic obstructive lung disease with asthmatic bronchitis. He advised that Cline abstain from smoke fumes, toxic inhalants, etc.

The Board had him examined by Dr. John M. Bergland; and, *upon the basis of Bergland's report*, denied Cline's application for retirement. This medical report, finding no objective symptoms, diagnosed Cline's complaint as chronic bronchitis.[1] Cline's physi-

---

1. Dr. Bergland continued: "Mr. Cline poses an interesting and puzzling problem. I can find no clinical evidence of lung disease, and his pulmonary function studies support this. I *must add that there are people who are ex-tremely allergic to smoke of any kind, and can have paroxysms of severe cough and the feel-ing of suffocation. In Mr. Cline's case, this may well be his problem. On the other hand, I can find no objective evidence by any measure-ments, why he should be so short of breath when he is not around fires. His claim that* any time he runs to a fire truck, or uses any exertional [sic] at the firehouse, that he be-comes short of breath, is not substantiated on my findings. *I feel that the only way to decide in this particular case is to get some witnesses who know this man, and who can objectively tell you whether or not he has severe coughing and problems with breathing when he is near a fire.* If this is the case, then I feel that he may legitimately have a complaint, on the basis of an allergic component, secondary to his ciga-rette smoking and/or smoke. On the other

cian, Dr. P. O. Jones, was more concise, his report reading:

"Mr. Cline has been diagnosed as having chronic obstructive lung disease with asthmatic bronchitis. It is strongly advisable from a medical standpoint that he abstain from any inhalation of smoke fumes, toxic inhalants or undue weather changes. This advice is being made in an effort to hasten the recovery from his obstructive lung problem."

Able counsel for the applicant has seized upon the italicized language found in Dr. Bergland's report and brought several witnesses to testify "objectively" of Cline's severe coughing and other problems "with breathing when he is near a fire." His superior and one subordinate in the hierarchy as well as his wife testified that when Cline is around smoke that he has paroxysms of coughing and is unable to discharge the duties of a fireman.[2] Each was positive in his testimony and remained unshaken upon cross-examination.

Under these circumstances, counsel argues that Dr. Bergland's testimony is "inconclusive" and calls our attention to the language found in *Firemen's Relief and Retirement Fund v. Powers*, 411 S.W.2d 395, 399 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.). In *Powers*, the Board's physician made a report, but the appellate court found his testimony "was inconclusive one way or the other inasmuch as he felt that a correct diagnosis required a myleogram." Here, Dr. Bergland's report was inconclusive since he found that observation by outsiders was necessary to evaluate the condition. We consider that *Powers* is indistinguishable from the case at bar.

Board's counsel, although filing an excellent brief wherein most of the authorities relied upon by Cline are discussed, has, significantly, omitted any reference to the *Powers Case*. *Powers* was cited with approval in *Bryan v. Board of Trustees of*

*Houston Fire. R. & R. F.*, 497 S.W.2d 367, 374 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.).

We are of the opinion that both the Board and the trial court erred in considering Dr. Bergland's report as conclusive. The report, when considered in the light of the testimony of the outside witnesses having actual knowledge of the facts, does not support the Board's order; and, it must be remembered that the order denying the relief sought specifically based the denial upon Berland's report.

Neither an administrative agency nor a reviewing court upon appeal can pick and choose among the bits of the evidence in order to find some particular mix which will support a predetermined conclusion. The courts reviewing such administrative orders are under a duty of rendering justice in the case. The record is to be considered as a whole, and it is for the court to determine what constitutes substantive evidence. *Railroad Commission v. Shell Oil Co.*, 139 Tex. 66, 161 S.W.2d 1022, 1029–1030 (1942).

Taking Dr. Bergland's report at face value, when it is supplemented by the outside evidence which he stated was necessary to determine Cline's condition, the result reached by the agency and the trial court is not supported by substantial evidence and is erroneous. Under the record before the agency and in the court, Cline was unable to discharge his duties as a fireman and was entitled to his retirement benefits as provided in the statute. It follows from what has been said that we must reverse the judgment of the trial court upholding the denial of Cline's application.

Although we have certain payroll records in the exhibits making up our record, we do not feel that we should undertake to enter a specific judgment in favor of Cline. Consequently, we reverse the judgment of the trial court and remand the cause for the entry of judgment in

---

hand, I do not feel justified in telling you Mr. Cline is as severely impaired as he relates on the basis of my findings." (emphasis supplied)

2. Counsel sought an order reopening the hearing before the Board and such testimony was placed in the record in written form but the result remained the same—his application was denied. The witnesses testified to the same effect upon the trial of the cause in the court below.

favor of Cline for the retirement benefits he sought and is entitled to under the statute in effect at the time of his application. The trial court will also give consideration to an award of prejudgment interest upon the past due but unpaid benefits. See *City of Galveston v. Russo*, 508 S.W.2d 882 (Tex. Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.).

REVERSED and REMANDED with instructions.

STEPHENSON, J., not participating.