**BOARD OF FIREMEN, POLICEMEN AND FIRE ALARM OPERATORS' PENSION FUND TRUSTEES OF DALLAS, Texas, and the City of Dallas, Texas, Appellants,**

v.

**Earl C. BILLS, Appellee.**

**No. 9034.**

Court of Civil Appeals of Texas, Amarillo.

Aug. 29, 1979.

Lee E. Holt, City Atty., Ronald E. Deutsch, Asst. City. Atty., Dallas, for appellants.

Marvin Menaker and Less F. Weisbrod, Dallas, for appellee.

REYNOLDS, Chief Justice.

The primary question in this appeal from an administrative decision to award a disabled fireman a fifty percent partial disability pension is whether the decision has reasonable support in substantial evidence. We answer in the negative. The secondary question then becomes whether the evidence validates the trial court's adjudication that the fireman was entitled to a total disability pension. We answer in the affirmative. Affirmed.

Employed by the fire department of the City of Dallas, Texas, as a driver-engineer, Earl C. Bills participated in the firemen, policemen and fire alarm operators' pension plan established by Tex.Rev.Civ.Stat.Ann. art. 6243a (Vernon 1970; Vernon Supp. 1978).[1] The plan is governed by the Board of Firemen, Policemen and Fire Alarm Operators' Pension Fund Trustees of Dallas, Texas, which has complete authority and power to administer all provisions of the statute and any implied powers therein. Article 6243a § 1.

In September of 1975, Bills received an injury to his back and took sick leave status until his accumulated sick leave pay was exhausted in March of 1976. He applied for disability benefits under article 6243a § 9 on 27 February 1976, although he did not actually retire until 1 March 1976, the same day he received his twenty-year service certificate.

The Board of Trustees first considered Bills' application for disability benefits on 11 March 1976. On 8 April 1976, an initial decision was made by the Board awarding to Bills a temporary, partial pension until his fiftieth birthday when he would begin receiving a service retirement pension. After Bills' subsequent request of the Board to review his case again and grant him a full disability pension was denied on 13 January 1977, Bills filed this suit in a district court.

Following a hearing before the court, judgment was rendered in favor of Bills for $5,378.55 plus interest, that being the difference, as stipulated by the litigants, between the half-pension Bills received and the full-pension he sought in the suit. Findings of fact and conclusions of law were requested by Bills and made by the court.

■ Appealing, the Board and the City initially insist that the Board's decision is supported by substantial evidence. Concededly, the substantial evidence rule governs the review of the decision of the Board, an administrative body. Whether the decision of the Board is reasonably supported by substantial evidence is a question of law to be resolved by the court without a jury, *Bank of North America v. State Banking Board*, 492 S.W.2d 458, 459 (Tex.1973), and the question must be determined from the entire record in the case as that record was made in the trial court. *Board of Firemen's Relief & Retirement F. Tr. v. Marks*, 150 Tex. 433, 242 S.W.2d 181, 183 (1951). The test is whether the evidence as a whole is such that reasonable minds could have reached the conclusion the Board must have reached in order to justify its action. *Auto Convoy Co. v. Railroad Commission of Texas*, 507 S.W.2d 718, 722 (Tex.1974). Thus, to justify judicial relief from the Board's decision, Bills must show that the decision is not reasonably supported by substantial evidence. *Board of Firemen's Relief & Retirement F. Tr. v. Marks, supra*, at 183.

Focused on here is section 9 of article 6243a, a part of the legislative scheme, beginning with article 6229, which establishes retirement and disability pensions for certain municipal employees. The section provides that any member of the fire department of a city or town within the provisions of article 6243a, and who is contributing to the pension fund, shall be retired from service and shall be entitled to receive pension benefits if he becomes "so permanently disabled . . . as to incapacitate him from the *performance of his duties* . . (emphasis added)." This provision has been interpreted to mean that a fireman is entitled to the full pension when his injury renders him permanently disabled and incapacitated to perform the duties of a fireman. *City of Dallas v. Hoskins*, 193 S.W.2d 533, 535 (Tex.Civ.App.—Dallas 1946, writ ref'd n. r. e.).[2]

1. All articles cited are articles of the Texas Revised Civil Statutes.

2. Also coming within the legislative scheme is article 6243f. The disability language of section 10 in that article—*viz.*, ". . . so permanently disabled . . . so as to incapacitate him from the performance of his duties . . . ."—is strikingly similar to that of article 6243a § 9, and has been construed to mean that one totally disabled from performing the duties of a fireman is permanently disabled

Given this setting for consideration of the record made in the trial court, it is noted that the trial record includes the testimony of Bills, stipulations by the litigants, and various items of documentary evidence. Among the documented items is a 5 March 1976 report by Dr. M. J. Kelly that Bills was totally and permanently disabled from any active fire fighting assignment but was "OK" for more sedentary assignments.

In a memorandum dated 10 March 1976, Dr. E. Lowell Berry, Director of Public Health for the City of Dallas, expressed the opinion that "with the requirement that 'no light-duty assignments are available,' we must find him [Bills] totally and permanently disabled." On 7 April 1976, it was Dr. Berry's opinion that although Bills should be able to meet the physical requirements of many types of work, "he really is not qualified for full duty as a fireman." In this connection, the litigants stipulated that when Dr. Berry was asked by the Board "to define what his total personal knowledge of body disability was as opposed to wither (sic) not receiving a disability pension or receiving a total and permanent pension, and Dr. Berry said that Mr. Bills was fifty percent disabled."

Dr. Russ B. Graham, an orthopedic surgeon who treated Bills, stated in a letter dated 19 February 1976 that Bills was continuously disabled from his work as a firefighter. In another letter dated 13 July 1976, Dr. Graham wrote that Bills should not resume vigorous duties involved in firefighting and that if sedentary activities or lighter duties were not available within the framework of the fire department, then Bills should be considered "permanently impaired from duties of 'a fire fighter.'"

Bills testified that he requested a job within the department and would do anything offered, but was refused. He also testified that he was not completely disabled, but that he was not able to do all of the things which a fireman does.

In response to Dr. Berry's opinion that of the eight typical duties of a driver-engineer, the rank held by Bills, Bills was only capable of chauffeuring a battalion chief to fires and during daily inspections, Dodd Miller, Chief of the fire department, stated that a driver-engineer is subject to being required to perform any or all of the listed duties. Therefore, said Chief Miller, there were no positions in the fire department that Bills was capable of filling.

The record made in the trial court establishes that although Earl C. Bills was not totally and permanently disabled from work generally, he was totally and permanently disabled from doing the duties required of a fireman. Even though Bills offered to perform any duty available, his disability disqualified him, according to all the medical opinions, from performing the duties of his position, and, in the opinion of his superior, from filling any position in the fire department. Hence, by the fire department's own standards, Bills was so disabled as to incapacitate him from the performance of his duties and, by the dictates of article 6243a § 9, Bills' degree of disability was total. *See City of Dallas v. Hoskins, supra,* at 535.

Consistent with the mandatory standards of review, Bills demonstrated from the evidence as a whole that reasonable minds could not have reached the conclusion the Board must have reached to justify its decision that he was entitled only to a partial disability pension. It inevitably follows that the Board's decision finds no reasonable support in substantial evidence, and Bills is entitled to have the Board's decision set aside. *Railroad Commission v. Shell Oil*

within the meaning of the act. *Firemen and Policemen's Pension Fund v. Villareal,* 438 S.W.2d 387, 390–91 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.). Of similar effect is *Board of Firemen's Relief, etc. v. Marks,* 237 S.W.2d 420, 423 (Tex.Civ.App.—Austin 1951),

*rev'd on other grounds,* 150 Tex. 433, 242 S.W.2d 181 (1951), which interpreted article 6243e § 7, and *Bryan v. Board of Trustees of Houston Fire, R. &. R. F.,* 497 S.W.2d 367 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ

*Co.*, 139 Tex. 66, 161 S.W.2d 1022, 1030 (1942).[3]

Moreover, all of the evidence shows that Bills is, within the meaning of the statute, so totally and permanently disabled as to incapacitate him from the performance of his duties. Therefore, as a matter of law, Bills is entitled to the disability pension statutorily set for total disability and awarded by the trial court. *Cline v. Firemen's Relief & Retirement Fund*, 545 S.W.2d 895 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.); *Bryan v. Board of Trustees of Houston Fire R. & R. F.*, 497 S.W.2d 367 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.); *Firemen's Relief and Retirement Fund v. Powers*, 411 S.W.2d 395 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.).

■ Notwithstanding, the Board and the City next complain that the trial court exceeded its constitutional powers by substituting its judgment for that of the Board's. The predicate for the complaint is that the trial court made findings of fact at variance with, and in derogation of the fact-finding duty of, the Board.

Indisputably, the Board, charged with the administration of the pension fund, must ascertain the facts which are controverted; and, equally undisputed, is the recognition that the court does not substitute its judgment on controverted facts for that of the administrative agency. *Auto Convoy Co. v. Railroad Commission of Texas, supra*, at 722. Yet, when the evidence adduced in court is conclusive on the degree of disability, the court's adjudication of disability becomes a matter of law and not the ascertainment of a fact which is controverted. *See Moss v. Hipp*, 387 S.W.2d 656, 659 (Tex. 1965), for the holding that a fact is established as a matter of law where the evidence thereon is clear and positive and there are no circumstances tending to discredit or impeach it. The trial record made

here is conclusive, under the statute, of the degree of Bills' disability and, therefore, the question before the trial court was purely one of law. In this light, the findings of fact made by the trial court were immaterial, if not inappropriate, *City of Pasadena v. Barron*, 567 S.W.2d 73, 75 (Tex.Civ.App.—Houston [14 Dist.] 1978, writ ref'd n. r. e.), and the making of them is not a ground for reversal. *Andrews v. Key*, 77 Tex. 35, 13 S.W. 640, 641 (1890).

All facets of the two points of error have been considered. Neither of the points presents reversible error, and both are overruled.

The judgment of the trial court is affirmed.

COUNTISS, J., not participating.

---

ref'd n. r. e.), which discusses section 7(c) of article 6243e before its repeal in 1975.

3. Although no specific statement was made by the trial court, either in its judgment or conclusions of law, that the decision of the Board

must be set aside for lack of reasonable support in substantial evidence, the conclusion is necessarily implicit in the judgment rendered by the court.