**BOARD OF TRUSTEES OF the BIG SPRING FIREMEN'S RELIEF AND RETIREMENT FUND, Appellant,**

v.

**FIREMEN'S PENSION COMMISSIONER and Carl Dorton, Appellees.**

No. 3–90–098–CV.

Court of Appeals of Texas, Austin.

April 17, 1991.

B. Craig Deats, Van Os, Deats, Rubinett & Owen, P.C., Austin, Jean Shotts, City Atty., City of Big Spring, Tex., Big Spring, for appellant.

Jim Mattox, Atty. Gen., Molly Shannon, Asst. Atty. Gen., Austin, for Firemen's Pension Com'r.

Hardy L. Wilkerson, Big Spring, for Carl Dorton.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

JONES, Justice.

Carl Dorton, former Fire Chief of the Big Spring Fire Department, applied to the Board of Trustees of the Big Spring Firemen's Relief and Retirement Fund (the Board) for disability benefits. After the Board denied him the benefits, Dorton appealed to the Firemen's Pension Commissioner (the Commissioner), who reversed the Board's decision and awarded benefits to Dorton. The Board appealed to the district court, which affirmed the Commissioner's decision. The Board now appeals the district court's judgment, complaining that: (1) the Commissioner improperly reviewed the Board's decision by trial de novo; (2) no substantial evidence supports the Commissioner's decision; (3) Dorton failed to sub-stantially comply with each of the conditions precedent to his obtaining benefits; and (4) the Commissioner failed to include in the record the minutes of the Board's hearing and the exhibits introduced by the parties at that hearing. We will reverse the trial court's judgment and remand the cause to the Commissioner.

Dorton joined the Big Spring Fire Department in January 1973. He rose to successive positions of increasing responsibility within the Department, until he became Fire Chief on September 24, 1984. Dorton retired from that position on June 1, 1988. Throughout his career as a Big Spring fire fighter, Dorton was a contributing member of the Big Spring Firemen's Relief and Retirement Fund.

While working as a fire fighter, Dorton sustained three injuries to his back, one each in 1978, 1979, and 1982. Each of the injuries occurred while Dorton was in the course and scope of his employment, and each required corrective surgery. The parties agree that, because of these admittedly work-related injuries, Dorton's doctor informed him that he had suffered a physical impairment of approximately 25%. At a consultation on April 21, 1988, the doctor advised Dorton to lose weight, exercise, take anti-inflammatory medication, and refrain from stooping, bending, or lifting more than 25 pounds. On April 27, 1988, Dorton gave notice that he was resigning his position as Fire Chief, effective June 1, 1988. Before his resignation was effective, Dorton applied to the Board for disability benefits. After a hearing, the Board denied the request. Dorton timely gave notice to the Board and the Commissioner that he intended to appeal the Board's ruling to the Commissioner.

After a "pure de novo" hearing,[1] the Commissioner reversed the Board's decision and ordered the Board to pay Dorton the benefits as of the date of his resignation. The Commissioner made extensive findings of fact and conclusions of law. The Board appealed this order to the Travis

---

1. Two hearings were held before the Commissioner. The parties dispute the reason for the second hearing; however, they presented the transcript of the second hearing to the district court, and they agree it forms the basis for the present appeal.

County district court. When that court affirmed the Commissioner's decision, the Board filed the present appeal.

## THE STATUTORY SCHEME

In 1937, the legislature implemented a state firemen's pension system by enacting what is now the Firemen's Relief and Retirement Fund Act (the Act), 1937 Tex.Gen. Laws, ch. 125, §§ 1–29, at 229–241 [Tex. Rev.Civ.Stat. art. 6243e, since amended].[2] The Act created a system whereby firefighters who are members of local pension funds contribute a percentage of their earnings to the funds during their employment. *Id.* at § 10. Each fund is managed by a board of trustees comprised of the local mayor, city or town treasurer, and three active members of the fire department elected by currently employed and contributing firefighters. *Id.* § 3. The board of trustees has "the power and authority to hear and determine all ... claims for disability, either partial or total." *Id.* The Act also created the office of Firemen's Pension Commissioner. The Commissioner has statewide jurisdiction and authority to "hear, determine, and/or review all appeals herein provided." *Id.* § 19.

2. The legislature recently amended the relevant sections of the Act to provide that an appeal before the Commissioner is a "contested case" under APTRA, thereby granting the Commissioner fact-finding authority not present in a substantial evidence de novo review. *See* Tex. Rev.Civ.Stat.Ann. art. 6243e, § 22(a)-(d) (Supp. 1991). The amendments have no impact on the present case.

3. The complete text of Section 18 is as follows: Any person possessing the qualifications herein required for retirement for length of service or disability or having a claim for temporary disability who deems himself aggrieved by the decision or order of any Board of Trustees, whether because of rejection or the amount allowed, may appeal from the decision or order of such Board of Trustees to the Firemen's Pension Commissioner by giving written notice of intention to appeal, which said notice shall contain a statement of his intention to appeal, together with a brief statement of the grounds and reasons why he feels aggrieved and which said notice aforesaid shall be served personally upon the chairman or secretary-treasurer of said Board of Trustees within twenty (20) days after the date of such order or decision. After service of such notice, the party appealing shall file with the Firemen's Pension Commissioner a

Section 18 of the Act sets out the procedure by which a person "aggrieved by the decision or order of any Board of Trustees, whether because of rejection or the amount allowed, may appeal from the decision or order of such Board of Trustees to the Firemen's Pension Commissioner." *Id.* § 18. The pertinent provision reads as follows:

> [The] Firemen's Pension Commissioner shall docket said appeal, assign same a number, fix a date for hearing said appeal, and notify both appellant and the Board of Trustees of the date so fixed for hearing, at which hearing either may appear before said Commissioner if they so desire. The Firemen's Pension Commissioner may, at any time before rendering his decision upon such appeal, require or request further or additional proof or information, either documentary or under oath. After consideration of said appeal, said Commissioner shall announce his decision in writing....

*Id.*[3]

## THE SCOPE OF REVIEW

■ The Board's threshold complaint is that the Commissioner improperly held a de

copy of such notice of intention to appeal, together with the affidavit of the party making service thereof showing how, when, and upon whom said notice was served. Within thirty (30) days after service of such notice of intention to appeal upon said Board of Trustees the secretary-treasurer thereof shall make up and file with the Firemen's Pension Commissioner a transcript of all papers and proceedings in such case before said Board and when the copy of the notice of intention to appeal aforesaid and said transcript shall have been filed with said Firemen's Pension Commissioner, said appeal shall be deemed perfected and said Firemen's Pension Commissioner shall docket said appeal, assign same a number, fix a date for hearing said appeal, and notify both appellant and the Board of Trustees of the date so fixed for hearing, at which hearing either may appear before said Commissioner if they so desire. The Firemen's Pension Commissioner may, at any time before rendering his decision upon such appeal, require or request further or additional proof or information, either documentary or under oath. After consideration of said appeal, said Commissioner shall announce his decision in writing, giving to each party to such appeal a copy and shall direct said Board of Trustees as to the disposition of the case. A final decision or

novo hearing when she reviewed Dorton's appeal and substituted her own factual and legal conclusions for those of the Board. As a preliminary matter, we note that the procedure for this type of appeal is not regulated by the Administrative Procedure and Texas Register Act (APTRA), because the Board does not have statewide jurisdiction and, therefore, is not an "agency" within the meaning of APTRA. *See* Tex. Rev.Civ.Stat.Ann. art. 6252–13a § 3(1) (Supp.1991). Consequently, APTRA's provisions governing review of agency actions do not apply.

■ The propriety of the Commissioner's use of de novo review must, therefore, be determined by reference to pre–APTRA, common-law principles governing the scope of review accorded administrative actions. *See* Hamilton and Jewett, *The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review,* 54 Tex.L.Rev. 285, 303 (1976); Eissinger, *Judicial Review of Findings of Fact in Contested Cases Under APTRA,* 42 Baylor L.Rev. 1, 11 (1990).

Section 18 of the Act delineates the extent of the Commissioner's power to review the Board's action. The statute authorizes the Commissioner to do four things: (1) schedule a hearing and notify the parties that they may appear at the hearing; (2) obtain additional proof or information, either documentary or under oath, before rendering a decision; (3) render a written decision and send a copy to each party; and (4) direct the Board to dispose of the case in accordance with his decision. The statute does not address the standard the Commissioner is to use in reaching a decision.

Texas has recognized at least four types of review of agency action: (1) pure trial de novo, (2) pure substantial evidence, (3) "substantial evidence de novo," and (4) a special rate-case classification referred to as "de novo fact trial." *Southwestern Bell Tel. Co. v. P.U.C.,* 571 S.W.2d 503, 507 (Tex.1978). The last type of review listed

above indisputably does not apply to a proceeding such as the present one. Nor does either party advocate the use of the pure substantial evidence standard. A reviewing body using pure substantial evidence procedures looks *only* at the record made before the fact-finding body to determine whether that agency's findings are reasonably supported by substantial evidence. *Imperial Am. Resources Fund, Inc. v. Railroad Comm'n,* 557 S.W.2d 280, 285 (Tex.1977). The provision of section 18 of the Act permitting the Commissioner to receive "additional proof or information, either documentary or under oath," is irreconcilable with a pure substantial evidence review.

This leaves two possible standards of review: pure trial de novo and substantial evidence de novo. Dorton and the Commissioner contend that the statute contemplates pure trial de novo. We disagree, for three reasons: (1) in a similar case, the Texas Supreme Court has mandated a standard of review akin to substantial evidence de novo; (2) at least one provision of section 18 of the Act is inconsistent with pure trial de novo review; (3) at least one court of appeals has expressly held the Act to require substantial evidence de novo review.

First, in an analogous case, the Texas Supreme Court has mandated a standard of review akin to substantial evidence de novo. In *Central Educ. Agency v. Upshur County Comm'rs Court,* 731 S.W.2d 559 (Tex.1987), a local tribunal (the Commissioners Court of Upshur County) issued an order detaching territory from one school district and annexing it to another. Pursuant to statutory procedures, appeal was taken to the Commissioner of Education. The commissioner, after conducting a pure de novo review, reversed the county commissioners' order. The supreme court determined that the Commissioner of Education exceeded his authority in conducting a pure de novo review. In so doing, the court stressed several factors as important

---

order by such Firemen's Pension Commissioner may be appealed and an appeal therefrom may be taken to the proper Court of Travis County, Texas, having jurisdiction of the subject matter,

upon the serving within twenty (20) days after date of such decision or order of a notice in writing of such intention to so appeal upon the adverse party.

to its decision: (1) the relevant statute expressly gave authority over detachment and annexation decisions to the county commissioners; (2) the county commissioners had some degree of discretion in making their decision; (3) the statute providing for review of the county commissioners' order gave the Commissioner of Education authority to hear "appeals" from such orders, but did not specify the nature of review; and (4) no statute expressly gave the Commissioner of Education authority "to actually decide detachment and annexation questions." 731 S.W.2d at 560–61.

Under those circumstances, the court held that

the "de novo" hearing[2] before the Commissioner must be solely for the purpose of determining whether there was fraud, bad faith or an abuse of discretion in the decision of the county commissioners and whether their decision is supported by substantial evidence.

---

[2] ... The "de novo" review that the Commissioner may exercise over county officials' detachment and annexation decisions is akin to the substantial evidence trial de novo.

*Id.* at 562; *see also Cypress–Fairbanks Indep. School Dist. v. Texas Educ. Agency*, 797 S.W.2d 336, 338 n. 4 (Tex.App.1990, writ granted).

In the instant case, each of the factors mentioned by the supreme court in *Upshur County* is present. First, section 3 of the Act expressly gives authority "to hear and determine all ... claims for disability" to the local board. Second, such determinations by the local board necessarily involve at least some discretion, because the Act creates no automatic entitlement to disability benefits. Third, sections 18 and 19 of the Act give the Commissioner authority to hear and determine "appeals" from the decisions of local boards, but do not specify the nature of review. In that regard, section 18 allows the commissioner to receive "proof," but also indicates that the record from the proceeding before the local board should be considered. Finally, no provision of the Act gives the Commissioner authority to "actually decide" claims for disability benefits other than in the context of hearing appeals from local boards pursuant to the procedures set forth in section 18. The supreme court's reasoning in *Upshur County* is strong support for the use of substantial evidence de novo review in the present case.

■ Second, provisions of section 18 of the Act are inconsistent with pure de novo review. The perfection of an appeal under a pure trial de novo standard nullifies the underlying agency decision. *Southern Canal Co. v. State Bd. of Water Eng'rs*, 318 S.W.2d 619, 622 (Tex.1958). The parties present their cases anew, as if there had been no earlier hearing, and the "reviewing" tribunal determines the facts on a preponderance-of-the-evidence standard. In all respects, the case proceeds as though the dispute had not been previously resolved. Under section 18, however, when a board receives notice of an aggrieved person's intention to appeal its decision, the board's secretary-treasurer "*shall* make up and file with the Firemen's Pension Commissioner a transcript of all papers and proceedings in such case before such Board." (Emphasis added.) Filing a transcript of the original proceeding would be pointless if the Commissioner were not to consider it. Such attention to the record of the prior hearing is inconsistent with pure de novo review.

■ Under substantial evidence de novo review, on the other hand, the reviewing tribunal conducts an evidentiary hearing for the limited purpose of determining "whether at the time the questioned order was entered there then existed sufficient facts to justify the agency's order." *Gerst v. Nixon*, 411 S.W.2d 350, 354 (Tex.1966); *see also Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 955–56 (Tex.1984); Eissinger, *supra*, 42 Baylor L.Rev. at 11–12; Reavley, *Substantial Evidence and Insubstantial Review in Texas*, 23 Sw.L.J. 239 (1969). As the name indicates, this type of review is a hybrid. Considering all of the evidence introduced at the review hearing, including the agency record, the reviewing body determines whether the fact-finder's decision is reasonably supported by substantial evi-

dence. *Southern Canal,* 318 S.W.2d at 622; *see also Lewis v. Metropolitan Sav. & Loan Ass'n,* 550 S.W.2d 11, 13 (Tex.1977).

█ The procedures required or permitted by section 18 of the Act are consistent with substantial evidence de novo review. The requirement that the Commissioner conduct a hearing at which the parties may appear comports with the necessity for an evidentiary hearing under substantial evidence de novo review. The reviewing body's power both to consider the original record and to receive new evidence is consistent with the Commissioner's powers under the Act. The statutory requirement that the Commissioner issue a written decision is compatible with the issuance of a written affirmance or reversal of a factfinder's decision once a review tribunal has determined whether the decision is reasonably supported by substantial evidence. We conclude that substantial evidence de novo is the only standard of review that is consistent with all of the provisions of section 18 of the Act.

Third, *Bryan v. Board of Trustees of Houston Firemen's Relief & Retirement Fund,* 497 S.W.2d 367 (Tex.Civ.App.1973, writ ref'd n.r.e.), arguably supports our conclusion. In *Bryan,* a fireman appealed the decision of a local board pursuant to a provision in the Act that allowed such an appeal to be taken directly to a district court, without first being reviewed by the Commissioner, in cases arising in cities with a population of 1,200,000 or more. The court held, without analysis, that substantial evidence de novo was the proper standard of review of local-board decisions under the Act. *Id.* at 370. The question addressed by the court seems to have been what standard of review is contemplated by the Act for the review of decisions of local boards. In that context, the fact that the reviewing body was a district court rather than the Commissioner is immaterial.

We conclude, therefore, that the Commissioner's use of pure de novo procedures to review the Board's order denying benefits to Dorton was improper. The Board's first point of error is sustained. We reverse the

trial court's judgment and remand the cause to the Commissioner to conduct the appropriate review and determine whether, based on the evidence submitted to her, the Board's decision is reasonably supported by substantial evidence and is otherwise free from fraud, bad faith, and an abuse of discretion.

ABOUSSIE, J., not participating.