[Crim. No. 1214. Third Appellate District.—July 18, 1932.]

THE PEOPLE, Respondent, v. L. J. O'ROURKE, Appellant.

A. H. Ludeman for Appellant.

U. S. Webb, Attorney-General and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant appeals from a judgment of conviction based upon a verdict following a trial wherein the information filed against him charged an offense in the following language (omitting title): "L. J. O'Rourke is accused by the District Attorney in the County of Tehama, State of California, by this information, of the crime of violation of the provisions of section 74 of the California Vehicle Act, committed as follows: The said L. J. O'Rourke, on or about the 9th day of January, A. D. 1932, at and in the County of Tehama, State of California, prior to the filing of this information, did wilfully and unlawfully drive and operate a motor vehicle upon the public highway, without having at said time, a legal and unrevoked operator's license authorizing him so to do; that prior to the 9th day of January, 1932, on or about the 17th day of November, 1931, the Department of Motor Vehicles of the State of California, did revoke the operator's license of L. J. O'Rourke, which license was numbered 240,486; contrary

to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of The People of the State of California.''

To this information the appellant interposed a demurrer, setting forth several grounds, to wit: That the facts stated in the information are not sufficient to constitute a public offense; that the information does not substantially conform to the requirements of sections 951, 952 and 953 of the Penal Code. The demurrer then attempts to raise the question that the information does not set forth facts showing that the Department of Motor Vehicles lawfully revoked the operator's license theretofore issued to the appellant. A mere reading of the information shows that it is sufficient to notify the defendant of the offense with which he is charged. The language is plain, simple and readily understandable, and that is all that the sections of the Penal Code require.

Defendant is informed that he was driving an automobile, not having an operator's license authorizing him so to do. He is also informed of the revocation of the operator's license theretofore issued to him. Whether it was legally revoked was a question to be determined by the evidence introduced at the trial. The fact of revocation and the time of revocation was definitely stated.

The record shows that on or about the seventeenth day of October, 1931, the defendant pleaded guilty of the violation of section 112 of the California Vehicle Act in that he drove an automobile upon one of the highways of the state of California while in an intoxicated condition. Following the judgment rendered upon the defendant's plea of guilty, as just stated, the Department of Motor Vehicles proceeded to revoke the license theretofore issued to the appellant, and notified the appellant of the action taken. The record shows that the notice sent to the appellant was made a part of the records of the Department of Motor Vehicles, and constituted the form of action taken by the department in the matter of such revocation. We quote the same in full:

"November 17, 1931.

''Mr. L. J. O'Rourke,

"Red Bluff, California.

''Dear Sir: We are in receipt of abstract of court record from the Superior Court of Tehama County directing that

on October 17th you appeared before that court on a charge of violation of section 112 of the California Vehicle Act, entered the plea of 'Guilty', and received sentence thereupon. On account of this conviction and pursuant to the provisions of Section 112 of the act, your license to operate a motor vehicle upon the public highways of this State is hereby revoked.

"You are to surrender your operator's license No. 240,486, by forwarding same to this Department at Sacramento, immediately upon receipt of this letter.

"Very truly yours,

"E. RAYMOND CATO (Signature)

"Chief, California Highway Patrol.

"Approved: JOHN A. McGILVRAY (Signature)

"Attorney, Department of Motor Vehicles.

"cc to J. R. Frank, Inspector

"cc to P. D. Red Bluff

"ETL"

"State of California,
"Department of Public Works } Certificate of Mailing
"Division of Motor Vehicles

"The undersigned hereby certifies: That on this 20th day of November, 1931, as an employe of the Division of Motor Vehicles, he deposited in the United States Post Office at Sacramento, California, a copy of the annexed notice, inclosed in a sealed envelope with prepaid postage thereon, addressed to the person to whom the notice is directed, at the address indicated in said notice, which is the post office address of such person as shown by the records of the Division.

"B. A. TRAVIS (Signature)

"Division of Motor Vehicles.

"State of California

"Division of Registration
of the
"Department of Motor Vehicles

"I, Russell Bevans, Registrar of Vehicles, Division of Registration of the Department of Motor Vehicles, State of California, hereby certify that the attached is a true and correct copy of the records on file in the Division of

Registration. Attest my hand this 3rd day of February, 1932.

"RUSSELL BEVANS,
"Registrar of Vehicles."

The record further shows that the appellant received the notification, but did not surrender his revoked operator's license. The California Vehicle Act does not prescribe any particular form to be followed by the department in effecting a revocation of an operator's license, but section $72\frac{1}{2}$ of the act does provide that notice shall be given thereof, and that the service of notice may be made by means of the United States mails. The provisions of section $72\frac{1}{2}$ of the act appear to have been followed in all their details in giving the notice of revocation, and need not further be elaborated upon.

The contention is made upon this appeal that the department should have followed the provisions of section 73 of the act; that notice should have been given to the defendant of a time and place of hearing; that a hearing should have been held by the department, and then action taken thereon after such hearing. In making this contention the appellant misconstrues the provisions of section 73. The section, if it were applicable to this case would uphold the action taken by the department. That section provides: "The Division shall forthwith revoke the license of any person for a period of 12 months, upon receiving satisfactory evidence of the conviction, or of the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail of any such person charged with the commission of any of the following crimes: 1. Manslaughter resulting from the operation of a motor vehicle; 2. Any crime constituting a felony under the California Vehicle Act, or of any other felony in the commission of which a motor vehicle is used; 3. Convictions upon three charges of reckless driving, all within the period of 12 months from the time of the first conviction." The remainder of the section applies only to cases where a complaint has been filed before the department, charging an operator of a motor vehicle with certain specified acts, and also with being incompetent to operate a motor vehicle. Under these conditions notice must be given to the person complained against, a hearing had, evidence taken, and the action of the department based thereon.

Section 58 of the California Vehicle Act provides it shall be unlawful for any person to drive a motor vehicle upon a public highway in this state without first having obtained an operator's license. Section 74 provides that when any person drives a motor vehicle after his operator's license has been revoked or suspended for certain specified reasons, and then also for any other reason provided in the act, shall be guilty of a misdemeanor.

Section 156 of the California Vehicle Act, as it has read for several years, requires the justice of the peace or police court wherein the conviction is had, to forward an abstract thereof to the department and also directs that the clerk of any court of record, within five days after final judgment of conviction of any violation of the provisions of the act, shall send to the division a certified copy of the conviction.

While counsel have called attention to the sections of the act to which we have referred and based arguments thereon, the section by which this cause must be determined is numbered 73½ and reads as follows: ''Whenever any person shall be convicted upon a charge of violation of any of the provisions of Sections 112 or 141 of the California Vehicle Act, and time for an appeal shall have elapsed without an appeal having been taken, or after any said appeal has been taken and judgment of conviction affirmed, the clerk of the court in which said judgment was rendered shall immediately report the facts to the Division of Motor Vehicles, and the Division of Motor Vehicles shall thereupon suspend the operator's or chauffeur's license of the person so convicted, and such suspension shall remain in effect unless and until the person so convicted and whose license is suspended shall give proof of financial responsibility in accordance with the provisions of Section 36½ and 36¾ of the California Vehicle Act.'' That the provisions of this section relative to furnishing proof of financial responsibility before a license can be reissued though not directly involved in this action are constitutional, appears by the reasoning found in the case of *Watson* v. *State Division of Motor Vehicles*, 212 Cal. 279 [298 Pac. 481], where a somewhat similar provision found in section 73 of the California Vehicle Act is upheld as being a constitutional exercise of legislative power. This being true, there appears to be no valid objection to any of the provisions of section 73½,

and its controlling power of this cause sustained, and the appellant's argument as to the invalidity of any action of the division of motor vehicles based upon the third paragraph of section 112 of the act as being the imposition of an additional penalty after judgment by the court, and also as a judicial act, may be disregarded.

Realizing the indisposition in some cases to revoke or suspend an operator's license, the legislature, by an act approved June 18, 1931, in re-enacting and amending a number of the sections of the California Vehicle Act, added section 73½ which we have heretofore set forth. The language of section 73½, and also of the provisions of section 73 which we have quoted, are mandatory in form. Section 73 reads: "The Division shall forthwith revoke the license of the person for a period of 12 months." Section 73½ reads: "The Division of Motor Vehicles shall thereupon suspend the operator's or chauffeur's license of the person so convicted," and that the suspension shall remain in force, etc.

The legislature did not use the permissive word "may", but even that word, where the public interests are involved by the action of a ministerial officer, is often construed to take on the mandatory form. (*County of Los Angeles* v. *State of California*, 64 Cal. App. 290 [222 Pac. 153]; *Stockton Plumbing & Supply Co.* v. *Wheeler*, 68 Cal. App. 592 [229 Pac. 1020].)

In 57 C. J., page 548, the word "shall" is defined where it relates to a ministerial act from which it distinctly appears that the word is mandatory if the public interests are involved. It is there said: "In common, or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of ths meaning, or when addressed to public officials, or where a public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears; but the context ought to be very

strongly persuasive before it is softened into a mere permission,'' etc.

In the instant case the record shows that the appellant pleaded guilty to the offense of driving an automobile while in a state of intoxication; that a record of the conviction was forwarded to the division of motor vehicles, and the division of motor vehicles thereupon entered the order which we have set forth, and notified the defendant thereof. The circumstance of drunken driving is a fact sufficient to show that the construction of the word "shall" should not be "softened into a mere permission". The public interests and the public safety demand giving to the word "shall", in the sections we have quoted, a mandatory and imperative meaning. The department has no discretion in the matter. It is the duty of the department, upon receiving an abstract of the judgment, to perform the ministerial duty of revocation or suspension; it is in no sense a judicial act; it is purely ministerial and an obligation that cannot be legally avoided. It requires only a recital of the facts to show that public policy and public interest demand the construction which we are giving. Every intoxicated driver of a motor vehicle is a potential killer. The record of deaths on the highways from this cause evidences the insecurity of every man, woman or child who happens to be there, when confronted by a driver whose judgment is clouded, and tendency to reckless driving immeasurably increased by the use of alcohol. Under such circumstances to hold that the word "shall" is only permissive and requires further investigation after receiving an abstract of judgment showing a violation of section 112 of the California Vehicle Act, would amount to a legal travesty. The revocation or suspension of the operator's license is not the imposition of an additional penalty to the judgment of conviction. It is a part and parcel thereof, and under both sections 73 and 73½ of the act, in so far as they are applicable here, constitute only that part of the legal penalty which the law inflicts as a part of the judgment of conviction.

The judgment is affirmed.

Preston, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 2, 1932, and

an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1932.