CITY OF DALLAS and The Board of Firemen, Policemen and Fire Alarm Operators Pension Fund Trustees of Dallas, Texas aka Police and Fire Pension Board, Appellants,

v.

Lester WATKINS, Appellee.

No. 05–82–00382–CV.

Court of Appeals of Texas, Dallas.

May 11, 1983.

Gary E. Keane, Dallas, for appellants.

Brenda J. Damuth, Dallas, for appellee.

Before AKIN, WHITHAM and MALO-NEY, JJ.

MALONEY, Justice.

This is an appeal from a summary judgment restoring to a disabled fireman his total disability pension which, in an administrative decision, had been reduced to a partial disability pension. The Pension Board contends that summary judgment was improper since a genuine issue of fact existed as to appellee Watkins' degree of disability, and that the award of attorney's fees against the Board was error because it is exempt from such awards as a matter of law. We affirm the summary judgment for Watkins as to the restoration of his pension, but reverse the award of attorney's fees against the Board.

In April of 1958 Watkins was employed by the City of Dallas as a fireman. During his approximately 17½ years with the fire department, he participated in the Police and Fire Pension Fund established by the City pursuant to Tex.Rev.Civ.Stat.Ann. art. 6243a (Vernon 1970). Watkins sustained an on-duty back injury which disabled him from continuing to perform the duties of a fireman. He applied to the Police and Fire Pension Board for a disability pension and, on April 19, 1975, was granted a total disability pension as provided under section 9 which reads, in pertinent part, that:

> When any member of the Fire Department . . . shall become so permanently disabled through injury or disease, . . . as to incapacitate him from the performance of his duties, and shall make written application subject to medical examination for such injuries or disease, he shall be retired from the service and be entitled to receive from the said fund one-half (½) the base pay per month as defined in Section 1B hereof, plus one-half (½) of the service money granted to the member under the provisions of any state law or any City Charter of any City within the provisions of this Act . . . .

In July of 1980, Watkins was required to undergo a recall medical examination pursuant to section 13, which states:

> Said Board may require any person receiving any pension under the provisions of this Act, that has served less than twenty (20) years, to appear and undergo medical examination by either the health director or some reputable physician selected by the Board. . . .

On October 9th, the Board conducted an administrative hearing to determine what action it would take concerning his pension.

During its consideration the Board had before it medical evidence consisting of: (1) a physician's statement prepared by Watkins' personal doctor, at the Board's request; (2) a medical narrative prepared by a doctor selected by the Board to do the recall physical examination; and (3) memoranda of the Director of Public Health for the City of Dallas. The evidence was in substantial accord as to Watkins' physical condition—he was functional and could perform some sedentary activities such as the conduct of the real estate business in which he was self-employed; however, his disability was total and permanent with regard to his ability to perform duties as a fireman. No position in the fire department could be found that was consistent with his restriction to sedentary activities. The Board found that Watkins was still *totally disabled from performing the duties of a fireman,*[1] but nevertheless, it reduced his disability pension to 30% of the original amount because the degree of his disability in "absolute terms" (measured by his ability to perform work other than that in the fire department) was less than 100%. This reduction in amount was made pursuant to the powers granted the Board by section 1 which provides, in pertinent part, that:

> The Board shall have the power and authority, by a majority vote, to reduce the percentages stipulated in any section or subsection of this Act which deals with disabilities or with awards granted to beneficiaries. The reduction shall be based upon the degrees of disability and circumstances surrounding the case . . . ,

and by section 13 which provides, in pertinent part, that:

> [A]s a result of [the recall medical examination] the Board shall determine whether the relief in said case shall be continued, increased, decreased or discontinued. . . .

After the Board declined to reconsider its decision, Watkins filed suit seeking to be restored to his former status as a full pensioner and requesting damages in the amount of the back pension benefits denied

him by the Board's action, together with reasonable attorney's fees. The trial court granted his motion for summary judgment and awarded attorney's fees against the Board.

This appeal centers upon the concept of disability as it is applied in article 6243a. The parties agree that in the initial grant of a disability pension pursuant to section 9, disability clearly refers to the inability to perform the duties of a fireman. Watkins would have us restrict the concept to that interpretation throughout the statute. On the other hand, the Board contends that disability should be broadly read when it is considered in its relation to sections 1 and 13, arguing that, when the Board acts to change a pension, disability then refers to the pensioner's ability or inability to perform work other than in the fire department. Thus, the Board insists that Watkins' ability to engage in sedentary activities, such as those connected with his employment in real estate, is a factor which can be determinative of his degree of disability in "absolute terms." We agree with Watkins.

■ Although disability is not defined in article 6243a, Texas courts have construed disability, as used in section 9, to mean permanently disabled and incapacitated *from performing the duties of a fireman. Board of Firemen, Policemen & Fire Alarm Operators' Pension Fund Trustees v. Bills,* 586 S.W.2d 924 (Tex.Civ.App.—Amarillo 1979, no writ); *City of Dallas v. Hoskins,* 193 S.W.2d 533 (Tex.Civ.App.—Dallas 1946, writ ref'd n.r.e.). In the absence of language clearly indicating a contrary intent, a word or phrase used in different parts of a statute is presumed to have the same meaning throughout and, where the meaning in one instance is clear, this meaning will be attached to it in all other instances. *Walker v. Koger,* 99 S.W.2d 1034 (Tex.Civ.App.—Eastland 1936, writ dism'd). In *City of Dallas v. Hoskins,* this court held that a pension board was without legal justification to reduce a pension under article 6243a,

---

1. All emphasis is the author's unless otherwise stated.

§ 1 without proof that the pensioner's degree of disability and incapacity *to perform the duties of a fireman* that existed at the time of the original grant of the pension had changed since that date. "[F]ortuitous circumstances connected with the life of the pensioner, such as ... the ability to earn money from employment such as his impaired *physical condition would admit*," when not relevant to a change in the degree of disability to perform the duties of a fireman are not factors to be considered by the board in passing upon the degree of the pensioner's disability. 193 S.W.2d at 535.

We hold that disability, as used throughout article 6243a, means inability and incapacity *to perform the duties of a fireman or policeman.* Without this construction, a pensioner would always be subject to having the disability pension, to which he is entitled because of his inability to perform the duties of a fireman or policeman, reduced because his overall disability is less than 100%, rather than because there has been a change in the degree of his disability to perform the duties of his former employment. Evidence of a pensioner's ability to do other types of work is not prohibited as it is a circumstance of the case; however, it should only be considered by the pension board as it relates to a change in the degree of disability to perform the duties of a fireman or policeman. Our holding is consistent with the legislative scheme providing pensions for firemen and policemen in other provisions similar to article 6243a § 9 which have been construed in a manner consistent with our interpretation. *See Firemen & Policemen's Pension Fund v. Villareal,* 438 S.W.2d 387 (Tex.Civ. App.—San Antonio 1968, writ ref'd n.r.e.) (construing art. 6243f, § 10); *Board of Firemen's Relief & Retirement Fund Trustees v. Marks,* 237 S.W.2d 420 (Tex.Civ.App. —Austin 1951), *rev'd on other grounds,* 150 Tex. 433, 242 S.W.2d 181 (1951) (construing art. 6243e, § 7).

The Board also contends that the award of attorney's fees against it is error because it is exempt from such awards as a matter of law. Before an award of attor-

ney's fees can be made there must be some statutory authority for such an award. *New Amsterdam Casualty Co. v. Texas Industries, Inc.,* 414 S.W.2d 914, 915 (Tex. 1967); *Equitable Trust Co. v. Lyle,* 627 S.W.2d 824 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Watkins contends that Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp. 1982–1983) supplies the necessary authority in this case. However, article 2226 has been held as not applying to municipalities. *City of San Marcos v. Lower Colorado River Authority,* 508 S.W.2d 403, 407 (Tex.Civ. App.—Austin 1974), *aff'd as modified,* 523 S.W.2d 641 (Tex.1975); *Cole v. City of Houston,* 442 S.W.2d 445, 451 (Tex.Civ.App. —Houston [14th Dist.] 1969, no writ); *Housing Authority of Dallas v. Hubbell,* 325 S.W.2d 880, 906 (Tex.Civ.App.—Dallas 1959, writ ref'd n.r.e.).

Nevertheless, Watkins maintains that the failure of the Board to respond to the issue of attorney's fees raised by his first amended petition and his motion for summary judgment constitutes a waiver by the Board to complain of the award of attorney's fees on appeal. We do not agree. The issues that may be considered on appeal are those which are expressly set out in *the motion for summary judgment* or in an answer or other response. *Combs v. Fantastic Homes, Inc.,* 584 S.W.2d 340, 343 (Tex.Civ.App.—Dallas 1979), *aff'd per curiam,* 596 S.W.2d 502 (1979). Because Watkins' motion for summary judgment raised the issue of attorney's fees, this issue was properly before the trial court.

The movant has the burden of establishing his right to summary judgment as a matter of law on the grounds set forth in his motion. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Rutherford v. Whataburger, Inc.,* 601 S.W.2d 441 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). The failure of the Board to respond to the issue of attorney's fees does not lessen Watkins' burden. Watkins did not establish his entitlement to attorney's fees as a matter of law because, as a matter of law, he cannot recover attorney's fees against a municipality. The

judgment must be reformed to exclude recovery of attorney's fees. *Wilie v. Montgomery Ward & Co.*, 291 S.W.2d 432 (Tex. Civ.App.—Waco 1956, no writ). Accordingly, the judgment of the trial court is reformed to eliminate attorney's fees and as so reformed is affirmed.