John BALIOS, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 07–86–0131–CV.

Court of Appeals of Texas, Amarillo.

May 26, 1987.

Rehearing Denied June 23, 1987.

Gordon Treadway, Lubbock, for appellant.

Ruth Cantrell, Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is an appeal from a summary judgment suspending for 90 days the driver's license of appellant John Balios. Appellee, the Texas Department of Public Safety ("DPS") sought, and obtained, the suspension because Balios refused to take a breath test to determine whether he was driving while intoxicated. Balios says his motion for summary judgment, not DPS's motion, should have been granted, because DPS did not follow the statutory procedure for obtaining a suspension of his license. Specifically, says Balios, DPS did not request an administrative hearing in the manner and within the time required by article 6701*l*–5 of the Texas Revised Civil Statutes Annotated (Vernon Supp.1987). We agree, and reverse and render.

On July 8, 1984, Balios was stopped by a DPS trooper after the trooper observed Balios' erratic driving. Concluding that Balios was intoxicated, the trooper arrested him for driving while intoxicated. He also asked Balios to submit to an intoxilyzer test. Balios refused.

Because Balios refused the breath test, the DPS, acting under the authority of article 6701*l*–5, advised him that his license would be suspended for 90 days. Balios then made a timely demand for an administrative hearing, as permitted by the statute. DPS received his demand on August 13, 1984. By letter dated August 30, 1984, DPS summoned[1] Balios to appear before a justice of the peace in Lubbock for the administrative hearing.

Testifying by affidavit and without contradiction, the justice of the peace before whom Balios was summoned said the August 30, 1984, letter was his first knowledge of the case. The judge then said:

The Texas Department of Public Safety has asked that Administrative Hearings be held on the third Wednesday of each month concerning revocation of driver's

---

1. The DPS letter of August 30, 1984 says:

   You are summoned to appear for an administrative hearing at which time we intend to present evidence showing cause for the suspension of your driver's license as provided in Section 22, Article 6687b, V.T.C.S.

   Hearing will be before the Judge of the Justice of the Peace Court, Precinct No. 1, Place 2, Lubbock County, located in the County Courthouse, Lubbock, Texas on September 19, 1984 at 1:30 P.M.

   A copy of the charges that will be heard at that time is attached.

license. The Texas Department of Public Safety does not request that hearings be held on individual cases. I received no request from the Texas Department of Public Safety to set the hearing on the case filed against John Christopher Balios.

The case against John Christopher Balios by the Texas Department of Public Safety was filed in this Court on September 5th, 1984 with hearing set for September 19th, 1984. It was the third Wednesday in that month.

The justice of the peace made findings favorable to DPS and Balios then initiated this suit, by which he seeks to retain his license, in the appropriate county court at law in Lubbock. Both parties moved for summary judgment, with supporting affidavits. The trial court granted the motion filed by DPS and suspended Balios' license for 90 days. In this court Balios attacks the judgment by five points of error. However, we will consider only the first point, by which Balios attacks the DPS's failure to follow statutory procedure, because that point is determinative of the appeal.

The statute in question, Tex.Rev.Civ. Stat.Ann. art. 6701*l*–5 (Vernon Supp.1987), establishes an implied consent law for every driver in Texas who is arrested for driving while intoxicated.[2] Such driver "shall be deemed to have given consent" to the taking of specimens of breath or blood to determine the amount of alcohol, drugs, or controlled substances in his or her body. If the driver refuses to give the specimen, the DPS director can, among other things, suspend his or her Texas driver's license for 90 days. However, there is a procedure established by the legislature for contesting the suspension. As pertinent here, it is set out in section 2(f) of article 6701*l*–5 as follows:

If, not later than the 20th day after the date on which the person receives notice

by certified mail ... the department receives a written demand that a hearing be held, *the department shall, not later than the 10th day after the day of receipt of the demand, request a court to set the hearing for the earliest possible date.* The hearing shall be set in the same manner as a hearing under Section 22(a), Chapter 173, Acts of the 47th Legislature, Regular Session, 1941, as amended (Article 6687b, Vernon's Texas Civil Statutes).[3] [Emphasis added.]

It is undisputed in this case that DPS did not request a hearing within ten days after receiving Balios' demand. We must determine whether that defect is fatal.

When a court applies a statute, it should give the words of the statute their usual and ordinary meaning. *Satterfield v. Satterfield*, 448 S.W.2d 456, 459 (Tex. 1969); Tex. Gov't Code Ann. § 311.011(a) (Vernon Pamph.Supp.1987). Accordingly, if the words are clear and unambiguous, the statute should be enforced as written, *Anderson v. Penix*, 138 Tex. 596, 161 S.W.2d 455, 459 (1942), without resort to the rules of construction. *Anguiano v. Jim Walter Homes, Inc.*, 561 S.W.2d 249, 253 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.).

Specifically in issue here is the meaning of "shall." It is an imperative term, by ordinary meaning, Black's Law Dictionary 1233 (5th ed. 1979), and requires the performance of the act that is to be performed. *Inwood North Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 743–44 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *see People v. O'Rourke*, 124 Cal. App. 752, 13 P.2d 989, 992 (1932). Thus, it should be treated as a mandatory term, *State Board of Insurance v. Betts*, 158 Tex. 612, 315 S.W.2d 279, 281 (1958), unless it is apparent that the legislature intended otherwise. *National Surety Corporation*

---

**2.** This opinion will summarize and discuss only those portions of the applicable statutes pertinent to the issues before us.

**3.** Section 22(a), of article 6687b, to which section 2(f) refers, vests jurisdiction for such hearings in the mayor of the city or police court judge or justice of the peace of the county where

the driver resides, and sets out the procedures to be followed. The section also gives the court the responsibility for setting the case: "It shall be the duty of the court to set the matter for hearing upon ten (10) days' written notice to the Department."

*v. Ladd,* 131 Tex. 295, 115 S.W.2d 600, 602 (1938).

■ In article 6701*l*–5, section 2(a), the legislature said DPS "shall, not later than the 10th day after the day of receipt of the demand, request a court to set the hearing for the earliest possible date." We find nothing in the article or in the record before us to indicate that the legislature intended the words of the statute to be given an extraordinary meaning. Thus, applying the foregoing principles, and assigning to the quoted phrase its ordinary meaning, we conclude that "shall" as used in the statute is mandatory and that DPS must literally comply with the statute. It must, *within* the stated 10-day time frame, and *after* receipt of the demand for hearing, *request* the appropriate court to set a hearing at the earliest possible date. It is not permissible for DPS to delay the request beyond 10 days and it is not the duty of DPS to set the hearing.

Ancillary to our conclusion, but supportive of it, we observe that "shall" is used 6 times in section 2(f) and many more times in other subsections of section 2. We are confident that in all other contexts, it is given mandatory status. Certainly DPS treats the term as mandatory when section 2 says the arresting officer shall immediately report one who refuses to take a breath test, and, upon receipt of the report, the director shall suspend the license of one who refuses. *Coleman v. Texas Dept. of Public Safety,* 639 S.W.2d 34, 36–37 (Tex. App.—Amarillo 1982, no writ). We are not given any reason that would justify a contrary interpretation of the statute in this one instance. As pointed out in *City of Dallas v. Watkins,* 651 S.W.2d 923, 925 (Tex.App.—Dallas 1983, no writ):

> In the absence of language clearly indicating a contrary intent, a word or phrase used in different parts of a statute is presumed to have the same meaning throughout and, where the meaning in one instance is clear, this meaning will be attached to it in all other instances.

Accord: *Paddock v. Siemoneit,* 147 Tex. 571, 218 S.W.2d 428, 435 (1949); *L & M— Surco Mfg., Inc. v. Winn Tile Co.,* 580 S.W.2d 920, 926 (Tex.Civ.App.—Tyler 1979, writ dism'd).

Also, permitting DPS to wait seventeen days before activating the hearing procedure, instead of acting within the ten days required by the statute, is no different in principle than permitting it to wait seventeen months or seventeen years. Obviously such uncertainty cannot be tolerated. The driver, and the State, are entitled to have this problem resolved with dispatch. The legislature has mandated a procedure for doing that, and it must be followed.

■ Citing section 22(c) of article 6687, and several cases, the State suggests that the trial de novo in the county court cured any antecedent procedural defects. We note that the cited cases were decided prior to the 1969 effective date of article 6701*l*–5; thus, those courts could not have been cognizant of the problem present here. More important, the principles discussed in the cases upon which DPS relies are subordinate to more fundamental principles. An administrative agency, such as DPS, is a creature of statute and must live within the statutes. *See State Department of Public Safety v. Cox,* 279 S.W.2d 661, 663 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r.e.). If a statutory procedure is created by the legislature it "excludes all others, and must be followed." *Cobra Oil & Gas Corporation v. Sadler,* 447 S.W.2d 887, 892 (Tex.1968) [quoting *Foster v. City of Waco,* 113 Tex. 352, 255 S.W. 1104 (1923)]. One who "seeks to avail himself thereof must comply with the statutory provisions. These provisions are mandatory and exclusive; and conformity thereto in each and every particular is essential to the exercise of jurisdiction by the agency." *State Department of Public Safety v. Cox, supra,* at 663 (quoting 1 Tex.Jur.Supp. 107, sec. 22).

■ In this case, Balios complied with article 6701*l*–5, section 2(f), by timely requesting a hearing. That request prevented DPS from suspending his license until there was a hearing. However, if DPS wanted to activate the hearing procedure and pursue the suspension, it was told by the legislature to ask a court for a hearing

within ten days after receiving the driver's hearing request. When DPS did not do so, it lost the right to pursue the matter. Point of error one is sustained.

Both parties having filed motions for summary judgment, there being no unresolved material fact issues, and the trial court having erroneously applied the law, the judgment of the trial court is reversed and judgment is here rendered for John Balios. All orders, judgments, and decrees suspending his Texas driver's license because of his refusal to take a breath test on July 8, 1984, are vacated.

### ON MOTION FOR REHEARING

DPS suggests that our decision in this case frustrates the public policy of removing drunk drivers from Texas highways. That will happen only if DPS wants it to happen. The Legislature has established a clear and simple procedure for suspending licenses of suspected drunk drivers. If DPS follows that procedure, it can suspend the license. If it does not, it cannot. If we allow DPS to stroll through the statute, calling "shall" directory here and mandatory there as it suits its purpose, then the rule of law is meaningless. We are going to interpret the statute as it was written by the Legislature, unless instructed otherwise by the Supreme Court.

The substantive arguments advanced by DPS in its motion were fully considered and rejected on original submission. We are not persuaded that we erred. The motion for rehearing is overruled.