**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Edward Dimas MARTINEZ, Appellee.**

No. 13–89–356–CV.

Court of Appeals of Texas,
Corpus Christi.

Jan. 24, 1991.

Luis V. Saenz, County Crim. Dist. Atty. and Rene B. Gonzalez, Asst. County Atty., Brownsville, for appellant.

Ernesto Gonzales, Harlingen, for appellee.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal by the Texas Department of Public Safety (DPS) from a summary judgment granted in favor of Edward Dimas Martinez in a driver's license suspension proceeding under Tex.Rev.Civ.Stat. Ann. art. 6701*l*-5 § 2 (Vernon Supp.1991). By its sole point of error, DPS complains that the trial court erred in granting summary judgment because a genuine issue of material fact exists concerning whether it requested a hearing from the court within ten days after receiving Martinez' request for a hearing. We reverse and remand for further proceedings.

Martinez requested a hearing to set aside the suspension of his driver's license after an affirmative finding that he was placed under arrest for driving while intoxicated and failed to provide a breath specimen upon request. He moved for summary judgment based upon the sole ground that he had demanded a hearing on March 17, 1988, pursuant to Tex.Rev.Civ.Stat.Ann. art. 6701*l*-5 § 2(f) (Vernon Supp.1991), and DPS had not timely requested a hearing within the statutory ten-day time period, thus barring it from contesting the matter.

■ Section 2(f) states that the DPS' duty to request a hearing begins when "the department receives a written demand that a hearing be held," and further, that "the department shall, not later than the 10th day after the day of receipt of the demand, request a court to set the hearing for the earliest possible date." This statute is subject to strict literal interpretation. *See Balios v. Texas Dept. of Public Safety*, 733 S.W.2d 308, 311 (Tex.App.—Amarillo 1987, writ ref'd).

■ In support of his motion, Martinez relied on *Balios*, which held that the DPS lost its right to pursue a suspension when it did not request a hearing within ten days of the receipt of the request pursuant to the statute. In that case, however, it was undisputed that the DPS did not request a hearing within ten days after receiving the plaintiff's demand. In the instant case, appellant's responsive pleading clearly stated that it did not actually receive appellee's request for administrative hearing until March 24, 1988, and further, that it did timely request an administrative hearing on March 29, 1988, within the statutory time period. Appellant's summary judgment evidence consisted of copies of letters at issue, and the affidavit of Corporal Larry Drake, in his official capacity as Deputy Custodian of Records for the DPS. Drake's affidavit clearly states that appellant received the "Request for Administrative Hearing" on March 24, 1988, and requested a hearing on March 29, 1988, well within the statutory ten-day period. The request itself is also attached to appellant's response to the summary judgment. Appellee's summary judgment evidence offered proof only of the date his request for a hearing was made, and not of when the request was received by appellant. The date the notice of the hearing was sent does not necessarily establish the date the hearing was requested. *Davis v. Dept. of Public Safety*, 741 S.W.2d 616, 617 (Tex.App.—Dallas 1987, no writ).

■ A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* at 548–549. Every reasonable inference must be indulged in favor of the nonmovant and doubts resolved in its favor. *Id.* at 549. Because the statute requires that the time in which the DPS can request a hearing begins to run from the date it receives notice of a request by

appellee, appellee has failed to sufficiently negate this essential element. The summary judgment is reversed and remanded.

KEYS, J., not participating.