**Robert McQuatters DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–778–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 20, 1991.

Craig Spence, San Antonio, for appellant.

James M. Kuboviak, Sandra L. Dent, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and CANNON, JJ.

OPINION

CANNON, Justice.

Appellant entered a plea of not guilty to a jury to the offense of driving with a suspended license. TEX.REV.CIV.STAT.ANN. art. 6687b, §§ 24, 34 (Vernon Supp.1991). He was convicted and the jury assessed punishment at seven days confinement in the county jail, plus a $500.00 fine. Appellant brings two points of error. We affirm.

On August 25, 1988, appellant was convicted of driving while intoxicated. As a condition of probation, appellant was required to participate in an alcohol education program. TEX.REV.CIV.STAT.ANN. art. 6687b, § 24(g)(1); TEX.CODE CRIM.PROC.ANN. art. 42.12, § 13(h). Appellant failed to complete the program within 180 days, as

required. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 13(h). On April 20, 1989, the Department of Public Safety (D.P.S.) sent a letter by certified mail to appellant's last known address notifying appellant that his license would be suspended. TEX.REV.CIV. STAT.ANN. art. 6687b, § 24(g)(3). The letter was returned "unclaimed." On May 21, 1989, appellant's driver's license was suspended. On September 18, 1989, appellant was arrested for the present offense.

In his first point of error, appellant contends the trial court erred by failing to instruct the jury on the affirmative defense of lack of notice with regard to the suspension of his driver's license. Appellant argues that he did not receive notice of the suspension of his license and, therefore, that his license was never suspended and his conduct did not constitute an offense.

TEX.REV.CIV.STAT.ANN. art. 6687b, § 34(a)(2) provides that a person commits an offense if he operates a motor vehicle on a highway during a period in which his driver's license has been suspended. Section 24(a)(2) of article 6687b provides that a person's license is automatically suspended upon a final conviction for driving while intoxicated under TEX.REV.CIV.STAT.ANN. art. 6701*l*–1. A person's license may not be automatically suspended, however, if he is convicted of a first offense DWI and he is required, as a condition of probation, to successfully complete an educational program "designed to rehabilitate persons who have driven while intoxicated." *See Miffleton v. State*, 728 S.W.2d 880, 887 (Tex.App.—Austin 1987, pet. granted), *aff'd*, 777 S.W.2d 76 (Tex.Crim.App.1989); TEX.REV.CIV.STAT.ANN. art. 6687b, § 24(g)(1); TEX.CODE CRIM.PROC.ANN. art. 42.12, § 13(h). If the records of the D.P.S. show that a person did not successfully complete the program as required, that person's license may be suspended for one year upon proper notice. TEX.REV.CIV.STAT. ANN. art. 6687b, § 24(g)(2, 3).

■■■ An accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex.Crim.App.1987). In the instant case, the defense of lack of notice was not raised by the evidence. Section 34(c) of article 6687b states that "it is no defense to prosecution that the person had not received actual notice of a suspension imposed as a result of a conviction for an offense described in Section 24(a) of this Act." Appellant was previously convicted of DWI and DWI is one of the offenses listed in section 24(a). Furthermore, when appellant failed to successfully complete the educational program as a condition of his probation, the D.P.S. sent appellant a certified letter, return receipt requested, properly notifying him of the suspension of his license. TEX.REV.CIV.STAT.ANN. art. 6687b, § 24(g)(3). Although the letter was returned unclaimed, appellant was presumed to have actual notice of the suspension of his license because the letter was sent to appellant's last known address as shown by the records of the D.P.S. TEX. REV.CIV.STAT.ANN. art. 6687b, § 34(d). As a result, appellant's license was suspended 31 days after notice was sent. TEX.REV. CIV.STAT.ANN. art. 6687b, § 34(g)(3). Appellant was not entitled to an instruction on notice. We overrule appellant's first point of error.

■■ In his second point of error, appellant contends he was denied due process when his license was suspended without a hearing. U.S. CONST. amend. V; TEX. CONST. art. I, § 19. Specifically, appellant argues that the court was required to grant him a hearing under § 24(g)(4) of article 6687b. That section provides for a hearing to determine whether a person has successfully completed the educational program within the period required by the court. The court may modify or revoke an order of suspension if a person shows good cause why he was unable to complete the educational program within the period originally specified by the court.

Section 24(g)(3) of article 6687b provides, however, that it is the person whose license is being suspended who has the burden of

demanding a hearing. *See Balios v. Texas Dept. of Public Safety*, 733 S.W.2d 308 (Tex.App.—Amarillo 1987, writ denied). That is so regardless of whether or not the person has accepted delivery of the notice of suspension. In the instant case, appellant did not demand a hearing. Hence, he cannot now complain. Appellant was not denied due process. Accordingly, we overrule appellant's second point of error and affirm the judgment of the trial court.